IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:11CV179-RLV

| | |
|---|---|
| **TERRY KERMIT JOHNSON,** )<br>    **Plaintiff,** )<br>            )<br>    vs.     )<br>            )<br>**GRETCHEN C. F. SHAPPERT, and** )<br>**TONY ALLEN KELLER,** )<br>    **Defendants.** )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on a document entitled, "Request By The Plaintiff For Leave Of Court To Amend The Court's Order That Dismissed Plaintiff['s] 42 U.S.C. 1983 Complaint And Application To Proceed In Forma Paupers[sic] On May 23, 2012. Pursuant To 15(c)(2) Relate Back," filed by Plaintiff Terry Kermit Johnson ("Johnson"). (Doc. 9). Because Johnson challenges and seeks to "amend" the Court's previous ruling, the Court construes Johnson's filing as a Motion for Reconsideration.

On May 23, 2012, upon initial review pursuant to 28 U.S.C. § 1915(e), the Court dismissed Johnson's *pro se* civil action alleging violation of his civil rights under 42 U.S.C. § 1983 against former Assistant U.S. Attorney (and U.S. Attorney) Gretchen C. Shappert ("Shappert"), and Tony Allen Keller ("Keller"), former Supervisor of the Narcotics and Vice Division of the Catawba County Sheriff's Department. (Doc. 6). In the May 2012 Order, hereby incorporated by reference, the undersigned first determined that Johnson's claim "arises solely from harms Plaintiff asserts resulted from his criminal prosecution." *Id.*, 4 n. 5. Significantly, the Court held that Johnson had no cognizable cause of action under Section 1983 against either Shappert or Keller for a multitude of reasons. In sum, Johnson's claim for

monetary damages was found to be barred pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994). *Id*., 4-5. Johnson's claims against Shappert were also precluded by the doctrine of prosecutorial or absolute immunity. *Id*., 8-9. Likewise, Johnson's malicious prosecution claim against Keller, a government official and witness, was barred to the extent Johnson sought to recover damages for trial testimony or testimony provided to the Grand Jury. *Id*., 9-11. Johnson's double jeopardy claim was dismissed for failure to state a claim. *Id*., 5-8.

A review of Johnson's most recent filing reveals that Johnson's primary complaint is his subjective belief that Shappert engaged in "misconduct," "manipulated" the criminal justice system, and engaged in "back door justice" during his federal criminal prosecution. Johnson complains about various sentencing issues and the respective burdens of proof, comparing the reasonable doubt standard the jury is held to at trial, with the preponderance of the evidence standard utilized at sentencing. In particular, Johnson takes issue with the drug quantity that determined his base offense level under the United States Sentencing Guidelines and the consideration of relevant conduct in arriving at this base offense level. In short, Johnson's motion adds nothing new to what has previously been submitted via an array of *pro se* motions filed in both his civil and criminal cases seeking to vacate or set aside Johnson's conviction or sentence.

For these reasons, Johnson's Motion for Reconsideration will be **DENIED**.

**IT IS, THEREFORE, ORDERED THAT** Johnson's Motion for Reconsideration is hereby **DENIED.**

Signed: May 22, 2013

Richard L. Voorhees
United States District Judge